May it please the Court, my name is Walter Pyle, and I'm the attorney for Mr. Gebrezgiabher. In this case, the trial court misinstructed the jury on the elements of manslaughter. The State concedes this was error. The California Appellate Court conceded it was error. Both the State before this Court and the Court of Appeal, California Court of Appeal, said it was harmless, and the reasoning was, they said, they found the defendant guilty of second-degree murder, and murder always requires malice, so the jury must have found malice, and therefore, they could not have found the defendant guilty of manslaughter in any case, because manslaughter does not involve malice. Well, that's not the way a jury decides the difference between murder and manslaughter. A jury does not say we find malice or we don't find malice. In each case, malice is present. The California Supreme Court explained this in the Lasko case. The Lasko case is the case, as you know, said this instruction was error, because this instruction said you have to have an intentional killing in order to get to manslaughter. When you suggest a case out of the Supreme Court or otherwise that says the misinstruction on an LIO vitiates a jury verdict on a greater offense properly instructed? Well, Nieder v. United States talks about, it says, any misinstruction  No, I want you to tell us if there is a case that says the misinstruction on a lesser-included offense vitiates a jury verdict on a properly instructed greater offense. That's exactly what we have here, isn't it? We do, but the question is, it's not really relevant whether it's a lesser-included offense or not, because it's been the jury has given the option Okay. Let's strike the word lesser-included. And I'm going to ask you again. Give us a case that says where a jury is misinstructed on any offense, but returns a verdict on an offense where they were properly instructed. That allows us, that would allow a Ninth Circuit panel to vitiate such a finding. Well, Nieder v. United States does that. I believe Yates v. Evatt does that, too. In each of those cases, the Court had misdefined the elements. In Nieder, the Court said, misdefined the elements of the offense. And the Court said, whether you say this is an omission, an error of omission because it didn't include all the elements, or whether it misdefines the crime because it misdefined the elements, either way, it does not allow the jury to exercise its traditional function of deciding the facts, because it's given the wrong instructions. It's given the wrong standard. The jury was given this case on first-degree murder, second-degree murder, and manslaughter. Correct? Correct. Voluntary manslaughter. Any question about what they were properly instructed on first-degree? No. Same question as to second-degree? No. And that's the offense that the jury unanimously found against your client? Correct. Now, what is it about the misinstruction, which everyone concedes, on the manslaughter charge would allow us to vitiate the finding on second-degree? Because the verdict, the instruction, the instruction that was erroneous said you can find manslaughter only if you find an intent to kill. Well, didn't they find an intent to kill with malice and find your client guilty of the second-degree murder? No. Second-degree murder does not require an intent to kill. It can be implied. Malice can be implied. Well, I think there's also a little bit different argument you could make, which is this, that, one, because of the improper instruction on manslaughter, the jury mistakenly eliminated manslaughter when the evidence would support a manslaughter verdict, right? Yes. That's another way of putting it. And that's the only reason they went to second-degree? Yes.  I look at it as saying it's another way of saying the same thing I'm saying here is this jury instruction would not allow them to get to manslaughter if they thought the killing was unlawful. And that's the reason you're arguing that your client was entitled to a correct instruction on manslaughter, because if the jury had been given one, there's a high likelihood that that would have been the crime for which your client would have been convicted instead of second-degree. Yes. Second-degree murder does not require intent to kill. Voluntary manslaughter, if they had been given the correct instruction, doesn't require an intent. Doesn't either, right? So the – and the – and you'll recall the judge called and they said, we can't reach a verdict. He says if you considered second-degree murder, I think it would be a good idea to go back and reconsider it, and 10 minutes later they came back with a verdict of second-degree murder. Any of the cases that you cite find that what happened here amounted to constitutional error? Yes, neither does the other. There's a difference between constitutional error and other kinds of error, isn't there? Certainly. Yes. Neither again. In a case cited by the appellee, Kuhl, C-O-O-L v. United States, they say a misinstruction, a misdefinition of the elements of a crime violates due process. And once due process is violated, well, he didn't get a fair trial. But it's important in analyzing what the court of appeal did to remember that the court – the jury does not find malice or not find malice. Malice is present in both implied malice murder, which he was found guilty of, and in manslaughter. And the jury was instructed that heat of passion, sudden quarrel or improper self-defense excuses that malice. Lasko explained that the elements, the necessary middle elements of implied malice murder is the defendant, knowing his conduct endangers the life of another, acts with conscious disregard of life. The middle state for malice – for manslaughter, exactly the same thing. The defendant, knowing his conduct endangers the life of another, acts with conscious disregard for life. What changes – so you have the same definition for implied malice murder and manslaughter, and what changes it into manslaughter is there's an additional factor, an additional circumstance, heat of passion or sudden quarrel or improper self-defense. And this – this reduces – Lasko and the jury instruction says this reduces the crime for murder to manslaughter. If the passion does not subside, it will not reduce it. And it said in a – in the jury instructions that – Supplemental Excerpt 47, I believe, it says it will reduce it from manslaughter to – excuse me, from murder to manslaughter if there's a heat of passion, but if heat of passion cools, it will no longer excuse express or implied malice and reduce it to voluntary manslaughter. So what happens is malice is present in both murder and manslaughter, except in manslaughter the jury has excused that malice. And that's where the court – the California court was in error, and that's where my learned opponent is in error. In assuming that the jury in manslaughter does not find malice, what they do is excuse malice. Thank you. Good morning. Sharon Wooden, Deputy Attorney General. Actually, if the court would look at the instructions given to the jury in this case, quite a few different words were used when discussing malice. Malice – Speak up just a little bit. I'm sorry. Malice is excused when the killing is done upon sudden quarrel or heat of passion. Malice is negated if appellant through wrongful conduct created the circumstances which legally justify the victim's use of force. Heat of passion reduces murder. 850 says that murder requires malice, and it's absent if we have a manslaughter case. So you can't go by what – whether the jury was told malice is absent or negated or reduced. What you look at is what the jury was instructed with as a whole, and you look at the with malice or not. The jury was specifically told if there's malice, it's not manslaughter. If – cannot be murder unless there's malice. The jury here found murder, and the reason they found murder is because this defendant liked to hunt and hurt surrenors. The day before this crime, he hunted and – I don't understand your argument. Are you arguing that the instructions were not erroneous? No. No. I'm saying that you can't just look at this one instruction. You have to look at everything. And the jury in this case was specifically told they cannot find second-degree murder unless he killed with malice. They could not find second-degree murder if he killed in the heat of passion. So by finding second-degree murder, this jury specifically found this defendant was a murderer. And the facts back it up, whether you look at the facts that supported the judgment or if you look at the facts from the defendant's point of view. The sequence is interesting. The jury was out – and you correct me if I'm wrong. The jury was out, they came back, and they said we can't find first-degree murder until we have a second-degree, and we are unable to reach a verdict on manslaughter. What they did was they had voted on first-degree and they couldn't decide unanimously. They had – so they figured they had discussed first-degree to the extent they were going to discuss it. So when they came out, they had not reached a verdict, but they had taken, sort of for all intents and purposes, taken first-degree off the table. Yes. They had a 9-3 vote and they weren't going to change. Why else did they tell the judge? They had also discussed voluntary manslaughter, but had not reached a conclusion. They were unable to reach a verdict. Right. Is that what they said? A unanimous verdict, yes. Okay. So the judge said, have you thought about second-degree? Yes. And why don't you go back and talk about that? And they did. Right. And they came back and said second-degree were unanimous. Yes. Now, doesn't that lend support to your opponent's argument that the misinstruction on manslaughter took off the table that and that forced them to second-degree? Actually, Your Honor, if you read the Court's words to the jury, they had not discussed second-degree yet. So what the Court did was ask them to go back and look at second-degree. No, but you see, the problem Judge Hockett is getting at is they did discuss manslaughter, right? They had discussed voluntary manslaughter, yes. And they couldn't, you know, and they couldn't reach an agreement. Yes. And I think your opponent's argument is, in all likelihood, the primary reason they couldn't reach an agreement was because of the erroneous instructions that, you know, foreclosed a manslaughter verdict on the basis of this evidence. Actually, the State court considered that because appellant raised that below. And what the Court said was what the jury probably thought about, his heat of passion defense and his self-defense, unreasonable self-defense, sudden quarrel, because that was his whole focus. I killed in heat of passion, and that's why they had discussed it. And the fact that they had not reached a verdict yet meant that they did not believe this man killed in the heat of passion or in sudden quarrels or unreasonable self-defense. That's one – certainly one way to look at it, but isn't it a fair inference that the reason they couldn't reach a verdict on manslaughter is because they were misinstructed? No. What the State court – What in the record forecloses that possibility? Because the jury had an incredibly strong case of intent to kill here. And the State court said if the jury was torn between malice but no intent to kill or no malice but intent to kill, they would go towards the voluntary manslaughter. If the jury believed that this man killed in the heat of passion, they would have erred on the side of voluntary manslaughter, not on second degree. Some evidence in the record that the force of the stab wound that resulted in the death of the victim was contributed to by him going forward against the knife. No. What the evidence was is that the decorative knife that the victim used to put superficial scrapes on this defendant was much smaller than the knife wound that went into the victim. And the expert on Cross said maybe that little tiny knife could have been used to make this larger stab wound if you had the victim moving towards the knife and pressing it like that. It sounds like the answer to my question is yes. Which question? Wasn't there evidence in the trial that the force of the stab wound that resulted in the death of the victim was contributed to by the movement of the victim toward the stabber? You know, okay, you could say that on Cross. That did come out. However, there was two victims here. There was the victim who died and the victim who did not die. Both of them were stabbed so hard that the knife either pierced the heart and he died, or in the case of the other one, his sternum was the only thing that kept his heart from being pierced. So even if you say that the one who died was moving that direction, the one who didn't die was also stabbed that hard. And then you've also got the fact that he hunted people from another gang, that he liked hurting them, that he bragged about killing afterwards, that as soon as he found they by his ankle and proceeded to kill and seriously injure. You know, the standard here is whether the state court's finding was reasonable or unreasonable. And we would submit it was reasonable. And if there's no further questions, I would submit on my brief. All right. Thank you. I'll give you a minute for rebuttal. Thank you. The question is not whether there was strong evidence against the defendant at this point. The question is whether there was evidence from which the jury could have reached a contrary result. Neither says that. Second, the question is not whether this was an unreasonable application. The question is this was contrary to. They applied the wrong rule. They contradicted what the U.S. Supreme Court says the rule is. That's contrary to. That means the review is not differential. It is de novo. The jury was told that you cannot excuse malice unless the killing was intentional. That meant that they could not get to a manslaughter verdict if they thought the killing was unintentional. And there was evidence from which a reasonable jury could have said this killing was not intended. Importantly, a jury can only express whether it finds heat of passion, unreasonable self-defense, or sudden quarrel. The jury can only tell the court we found heat of passion if they return a manslaughter verdict. That's the only way they can inform the court whether we found heat of passion or not. So the California Court of Appeal in saying they must not have found heat of passion, that's not how it works. The only way they were precluded from, if you read the instruction they were given, unintentional killing does not support a manslaughter verdict. They were precluded from returning a manslaughter verdict. Thank you very much. Thank you. Thank you very much for your presentations. The case is now submitted.
judges: Hawkins, Tashima, Murguia